M. Christian Bottoms, OSB #96227
LAW OFFICE OF M. CHRISTIAN BOTTOMS
P.O. Box 86188
Portland, Oregon 97286
Phone: (503) 715-6600
Facsimile: (503) 771-2686
E:mail: mcbottoms@yahoo.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SUE ELLEN DENNIS**, an individual, and **THE ESTATE OF DONALD MICHAEL DENNIS**,<br><br>          Plaintiffs,<br><br>vs.<br><br>**CITY OF PORTLAND**, a municipal corporation, **DIONISIO MORALES**, an individual Portland Police Officer, and **JOHNATHAN R. LUND**,<br><br>          Defendants. | Case No.: 14-593<br><br>**COMPLAINT**<br><br>42 U.S.C. 1983 (EXCESSIVE FORCE) WRONGFUL DEATH<br><br>(JURY DEMAND) |

PRELIMINARY STATEMENT

1.

This is a civil complaint for monetary relief against the City of Portland and an individual Portland police officer, Dionisio Morales, for the use of force leading to the death of Mr. Donald Dennis in violation of his civil and common law rights by use of unreasonable and excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution. This action also seeks damages for loss of consortium by Ms. Sue Ellen Dennis, as well as, state law claims of Wrongful Death, Assault, Battery and Negligence against the City of Portland and Johnathan Lund.

COMPLAINT 1

JURISDICTION AND VENUE

2.

This action is filed in the United States District Court District of Oregon. This Court has original jurisdiction over the plaintiffs' civil rights claims under 42 U.S.C. Section 1983, pursuant to 28 U.S.C. Section 1331 (federal question) and 28 U.S.C. 1343. This Court has supplemental jurisdiction over plaintiffs' related state claims pursuant to 28 U.S.C. Section 1367 (a). Venue is proper in this jurisdiction under 28 U.S.C. Section 1391 (b) because all of the events that support the plaintiffs' allegations occurred in this judicial district and because the defendants reside in this judicial district.

PARTIES

3.

Sue Ellen Dennis is the widow and Personal Representative of The Estate of Donald Dennis.

4.

Donald Dennis is the deceased husband of Sue Ellen Dennis, who died on April 21, 2012, due to injuries caused by Officer Morales and Johnathan Lund.

5.

The City of Portland is a municipal corporation and political subdivision of the State of Oregon.

6.

Dionisio Morales was employed with the City of Portland for the Bureau of Police and was acting intentionally and within the course and scope of his employment.

7.

Johnathan Lund was Donald Dennis' supervisor and resided at 8907 North Haven Avenue, Portland, Oregon, where Donald Dennis suffered fatal injuries caused by Johnathan Lund and Officer Dionisio Morales.

## FACTUAL ALLEGATIONS

8.

On April 14, 2012, Mr. Dennis was invited by Mr. Lund to his home located at 8907 North Haven Avenue, Portland, Oregon.  Mr. Lund served the men alcoholic beverages until both men were extremely intoxicated.  Mr. Lund then began to physically fight with Mr. Dennis at Mr. Lund's home.

9.

Officer Morales, a new Portland Police Officer, arrived at Mr. Lund's home, did not call for additional officers, went into the home and immediately tazered Mr. Dennis leaving Dennis incapacitated from protecting himself.  Then, Mr. Lund got on top of the incapacitated Dennis and smashed his head into the floor at least three (3) times and punched Mr. Dennis in the head at least three (3) times.

10.

Officer Morales then pepper sprayed both men and the entire room.

11.

Mr. Dennis was unconscious and transported to the hospital where he was diagnosed with broken facial bones, brain trauma, and may have suffered a stroke.  Mr. Dennis did not regain consciousness died on April 21, 2012.

12.

FIRST CLAIM FOR RELIEF AGAINST DEFENDANT CITY OF PORTLAND

Violation of Civil Rights Excessive Force

(42 U.S.C. 1983 Fourth and Fourteenth Amendments to the United States Constitution)

Plaintiffs repeat and re-allege paragraphs 1-12 of this complaint as if fully set forth herein. Proper notice of claim was given under ORS 30.275, et al.

13.

Officer Morales was not adequately trained, supervised and did not follow police procedures. Officer Morales acted intentionally, knowingly, maliciously, and recklessly in violation of Mr. Dennis's well established constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution when he did not have additional officer support, tazered Mr. Dennis leaving him incapable of protecting himself against Mr. Lund, and pepper sprayed him while incapacitated.

14.

The official policies, customs and practices of the City of Portland Bureau of Police caused the deprivation of Mr. Dennis's constitutional right to be free from excessive force and subjected Mr. Dennis to excessive and unreasonable force. As a direct and proximate cause of police action Mr. Dennis suffered death, brain injury, broken bones, a stroke, permanent physical injury, physical injury, pain and suffering, emotional trauma, and economic loss.

15.

Plaintiff Sue Ellen Dennis suffers and will continue to suffer the loss of her husband, comfort, care, mental anguish, pain, anxiety, and economic damages.

SECOND CLAIM FOR RELIEF AGAINST DEFENDANT DIONISIO MORALES

Violation of Civil Rights Excessive Force

(42 U.S.C. 1983 Fourth and Fourteenth Amendments to the United States Constitution)

15.

Plaintiffs repeat and re-allege paragraphs 1-14 of this complaint as if fully set forth herein.

16.

Defendant Morales intentionally and maliciously tazered Mr. Dennis leaving him incapacitated and unconscious then pepper sprayed him.

17.

Defendant Morales caused the deprivation of Mr. Dennis's constitutional right to be free from excessive force and subjected Mr. Dennis to excessive and unreasonable force.  As a direct and proximate cause of police action Mr. Dennis suffered death, brain injury, broken bones, a stroke, permanent physical injury, physical injury, pain and suffering, emotional trauma, and economic loss.

18.

Plaintiff Sue Ellen Dennis suffers and will continue to suffer the loss of her husband, comfort, care, mental anguish, pain, anxiety, and economic damages.

THIRD CLAIM FOR RELIEF AGAINST DEFENDANT MORALES

Oregon State Law Claim Negligence

19.

Plaintiffs repeat and re-allege paragraphs 1-18 of this complaint as if fully set forth herein.

20.

Defendant Morales Morales did not call for additional officers, then recklessly, carelessly, intentionally and maliciously tazered Mr. Dennis leaving him incapacitated and unconscious and unprotected against the active combatant Mr. Lund.  Defendant Morales then pepper sprayed him while Lund continued to beat him.

21.

As a direct and proximate cause of defendant Morales's action, Mr. Dennis suffered death, brain injury, broken bones, a stroke, permanent physical injury, physical injury, pain and suffering, emotional trauma, and economic loss.

22.

Defendant Morales had a duty to use reasonable harm to call for additional officers and not tazer a person leaving him incapacitated to be harmed by another in a fight and to not pepper spray an unconscious person.  It was forseeable that a reasonable officer would call additional officers to stop the fight, and Mr. Dennis would suffer harm if incapacitated during a fight, and injury would occur when pepper sprayed while unconscious.  Defendant Morales breached his duty of reasonable care.

FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT LUND

Oregon State Law Claim Negligence, Assault and Battery

23.

Plaintiff repeats and re-alleges paragraphs 1-22 of this complaint as if fully set forth herein.

24.

Defendant Lund invited Dennis to Lund's home.  At his home, Defendant Lund over-served both men alcohol until both men were extremely intoxicated. Defendant Lund carelessly, recklessly and intentionally began to physically fight with Mr. Dennis. While fighting, Mr. Dennis was tazered. Mr. Dennis was incapable of protecting himself. Mr. Lund then took the unconscious and incapacitated Dennis into his hands and while intoxicated smashed Dennis's head into the ground at least three (3) times and punched Dennis in the head at least three (3) times.

25.

As a direct and proximate cause of defendant Lund's negligence, assault and battery of Mr. Dennis he suffered death, brain injury, broken bones, a stroke, permanent physical injury, physical injury, pain and suffering, emotional trauma, and economic loss.

26.

Defendant Lund had a duty not to over-serve Dennis alcohol and not to smash Dennis's head into the ground and punch him in the head while he was incapacitated. Lund breached this duty.  It was forseeable and a reasonable person would be aware that over-serving a guest would lead to injury, and that while intoxicated fighting an incapacitated guest after over-serving him alcohol and smashing his head into the ground and punching him in the head would cause injury and grave injury.  Lund breached his duty of reasonable care and reasonable care to his guest.

JURY DEMAND

27.

Plaintiffs demand a trial by jury.

PRAYER FOR RELIEF

WHEREFORE the Plaintiffs pray that the Court award:

A.  Loss of Consortium Damages to be proven at trial;

B.  Damages for Death, physical and mental injuries, pain and suffering and emotional trauma in an amount to be proven at trial;

C.  Compensatory and consequential damages, special and general damages, in an amount to be proven at trial;

D.  Economic Damages and Business Loss in an amount to be proven at trial;

E.  Punitive damages in an amount to be proven at trial;

F.  Reasonable attorney fees, costs and prejudgment interest incurred in pursuing this action as provided in 42 U.S.C. Section 1988;

G.  Any such relief that this Court deems just and equitable under the circumstances of this case.

DATED this 9th, day of April 2014.

_____
M. Christian Bottoms, OSB No.: 96227
Attorney for Plaintiff

COMPLAINT 8