JAMES G. RICE, Oregon State Bar ID Number 824884
Sr. Deputy City Attorney
Email: Jim.Rice@portlandoregon.gov
Office of City Attorney
1221 SW 4th Avenue, Suite 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
Attorney for Defendants City and Morales

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| SUE ELLEN DENNIS, an individual, and THE ESTATE OF DONALD MICHAEL DENNIS, | 3:14-cv-00593-HZ |
| PLAINTIFFS, | CITY DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT |
| v. | |
| CITY OF PORTLAND, a municipal corporation, DIONISIO MORALES, an individual Portland Police Officer, and JOHNATHAN R. LUND, | (JURY TRIAL REQUESTED) |
| DEFENDANTS. | |

For its answer to plaintiff's Amended Complaint, Defendants City of Portland and Dionisio Morales (hereinafter "City Defendants") respond to plaintiff's allegations in correspondingly numbered paragraphs as follows:

PRELIMINARY STATEMENT

1.

City Defendants admit paragraph 1 of the Amended Complaint summarizing the nature of the law suit, but deny that the claims in the suit have any merit and are frivolous.

Page 1 –    CITY DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

JURISDICTION AND VENUE

2.

City Defendants admit that a civil rights claim may be brought under 42 U.S.C. §1983. The City Defendants admit 28 U.S.C § 1331 and 28 U.S.C § 1343 provides jurisdiction for plaintiffs' claims. City Defendants admit that the court may exercise supplemental jurisdiction to state law claims pursuant to 42 U.S.C. §1367 (a), and that venue is proper. City Defendants deny each and every other allegation contained in paragraph 2 of the Amended Complaint.

PARTIES

3.

City Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 3 of the Amended Complaint so at this time those allegations are denied.

4.

City Defendants are at this time without sufficient knowledge to admit or deny whether Donald Michael Dennis [herein after "Dennis"] is the deceased husband of Sue Ellen Dennis and whether Jonathan R. Lund [hereinafter "Lund"] caused the death of Dennis, hence those allegations are denied. All other allegations contained in paragraph 4 of the Amended Complaint are denied.

5.

City Defendants admit paragraph 5 of the Amended Complaint.

6.

City Defendants admit that on 14 April 2012, Dionisio Morales was employed as a Police Officer for the City of Portland. At all times dealing with the violent fight between Dennis and Lund, City Defendant Officer Morales was acting within the course and scope of his employment with the City of Portland. All other allegations contained in paragraph 6 are denied at this time.

Page 2 –    CITY DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

7.

City Defendants deny that Officer Morales caused any injury to Dennis.  City Defendants are without sufficient knowledge to admit of deny the employment relationship between Dennis and Lund.  City Defendants admit that the violent fight between Dennis and Lund occurred at 8907 N. Haven Avenue, Portland Oregon, but do not at this time have sufficient information to admit or deny whether Lund resided at that address hence that allegation is denied.  Any other allegations contained in paragraph 7 of the Amended Complaint are denied.

FACTUAL ALLEGATIONS

8.

City Defendants admit that on 14 April 2012, Dennis came to 8907 N. Haven, Portland, Oregon and Lund was at that address.  City Defendants admit that the men consumed alcohol and Lund served alcohol to decedent Dennis who was or became extremely intoxicated and under the influence of alcohol and drug(s).  City Defendants further admit that Lund had consumed a significant amount of alcohol but are at this time are without sufficient knowledge to admit or deny that Mr. Lund was extremely intoxicated.  City Defendants admit that a serious physical fight took place inside 8907 N. Haven, Portland, Oregon.  At this time, City Defendants are without sufficient information to admit or deny which of the combatants began the fight.

9.

City Defendants admit that Austin Lund called 9-1-1 and Officer Morales, on patrol, drove his marked police vehicle to 8907 N. Haven, Portland Oregon and was flagged down by Austin Lund.  Officer Morales was told by Austin Lund that his father was fighting with a friend and the fight needed to be broken up.  City Defendants further admit that Officer Morales approached the front door and noticed two men were fighting and that there was a large amount of blood visible on the floor.  Officer Morales used his communication device to call for additional officers to cover at "Code 3" level.  City Defendants further admit Officer Morales

Page 3 —    CITY DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

gave the verbal command "Police stop fighting." Decedent Dennis was straddling Defendant Lund punching him with a closed fist in the area of his nose, chin, ear, and temple areas. Officer Morales continued to yell at Dennis to stop attacking Lund. Dennis failed to heed the lawful order to stop striking Lund. At that time, standing in the doorway, Officer Morales yelled "Stop or I'll taser you." Decedent Dennis continued his violent attack increasing it in severity. At that time Officer Morales deployed his Portland Police Bureau issued Taser and propelled the darts toward Dennis' right rear shoulder area. Dennis rolled onto his back. Officer Morales continued to shout the command, "Stop resisting." Lund began to crawl toward Dennis and Officer Morales shouted "Stop." Lund then grabbed Dennis' head and smashed it into the wooden floor in a violent manner. Officer Morales continue to order, "Police stop! Back away". Lund then struck Dennis three times with a closed fist and Dennis appeared to go unconscious. At that time, Officer Morales entered the house and delivered one pepper spray discharge to Lund's face which ended the fight. All other allegations in paragraph 9 of the Amended Complaint are denied.

10.

City defendants admit Officer Morales pepper sprayed Defendant Lund. All other allegations contained in paragraph 10 of the Amended Complaint are denied.

11.

City Defendants admit Dennis was observed by the EMT personnel called to the scene and then transported unconscious to a hospital where he was diagnosed with traumatic injuries. City Defendants deny that Dennis died on 19 April 2012. City Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 11 of the Amended Complaint so at this time they are denied.

\ \ \ \ \

\ \ \ \ \

Page 4 –    CITY DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

FIRST CLAIM FOR RELIEF AGAINST DEFENDANT CITY OF PORTLAND

12.

City Defendants re-allege the foregoing paragraphs 1-11.  City Defendants admits it received a tort claim notice.

13.

City Defendants deny paragraph 13 of the Amended Complaint.

14.

City Defendants deny paragraph 14 of the Amended Complaint.

15.

City Defendants deny paragraph 15 of the Amended Complaint.

SECOND CLAIM FOR RELIEF AGAINST DEFENDANT DIONISIO MORALES

Violation of Civil Rights Excessive Force

15. (Should be 16)

Defendants re-allege the foregoing paragraphs 1 – 15.

16.

City Defendants admit that Officer Morales discharged his Taser at Dennis' shoulder area after he ordered Dennis to stop assaulting Lund and after a Taser warning was given to Dennis. City Defendants deny the remainder of paragraph 16 of the Amended Complaint.

17.

City Defendants deny paragraph 17 of the Amended Complaint.

18.

City Defendants deny paragraph 18 of the Amended Complaint.

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

Page 5 –    CITY DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

<u>THIRD CLAIM FOR RELIEF AGAINST DEFENDANT MORALES</u>

Oregon State Law Claim Negligence

19.

City Defendants re-allege the foregoing paragraphs 1-18.

20.

City Defendants deny paragraph 20 of the Amended Complaint.

21.

City Defendants deny paragraph 21 of the Amended Complaint.

22.

City Defendants deny paragraph 22 of the Amended Complaint.

<u>FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT LUND</u>

Oregon State Law Claim Wrongful Death, Negligence, Assault and Battery

23.

City Defendants re-allege the foregoing paragraphs 1-22.

24.

Paragraph 24 of the Amended Complaint is directed to a defendant other than the City Defendants and as such does not require a response. If by implication there is an allegation that reflects upon the City Defendants, that allegation is denied.

25.

Paragraph 25 of the Amended Complaint is directed to a defendant other than the City Defendants and as such does not require a response. If by implication there is an allegation that reflects upon the City Defendants, that allegation is denied.

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

Page 6 –   CITY DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

26.

Paragraph 26 of the Amended Complaint is directed to a defendant other than the City Defendants and as such does not require a response.  If by implication there is an allegation that reflects upon the City Defendants, that allegation is denied.

## JURY DEMAND

27.

City Defendants admit the plaintiff demands a jury trial.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

28.

Plaintiffs have failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Qualified Immunity)

29.

Under the circumstances presented by this case City Defendants are entitled to qualified immunity from liability under 42 U.S. C. §1983 claims because reasonable officials in their position would not have known that any of their actions would violate a clearly established right of the plaintiffs.

## THIRD AFFIRMATIVE DEFENSE

(No Constitutional Violation)

30.

The actions of Officer Morales and his use of force do not constitute a constitutional violation.

Page 7 –    CITY DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

FOURTH AFFIRMATIVE DEFENSE

(Reasonable Suspicion / Probable Cause

31.

City Defendants had reasonable suspicion and/or probable case to initiate contact with and detain plaintiff Dennis.

FIFTH AFFIRMATIVE DEFENSE

(Good Faith)

32.

All the actions taken by City Defendants were done in good faith.

SIXTH AFFIRMATIVE DEFENSE

(Misjoinder of Parties on State law Claims)

33.

The plaintiffs have improperly, and contrary to law, named Defendant Morales as a defendant in state law claims in violation of ORS 30.265(2).

SEVENTH AFFIRMATIVE DEFENSE

(Comparative negligence)

34.

Plaintiffs' injuries are attributable to Dennis' conduct in:

a.     Drinking alcohol to excess;

b.     Combining alcohol and one or more drugs;

c.     Engaging in physical combat;

d.     Initiating a fist fight; and

e.     Failing to obey lawful orders of a police officer.

\ \ \ \ \

Page  8  –    CITY DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

EIGHTH AFFIRMATIVE DEFENSE

(Bar to Recovery)

35.

The negligence of plaintiff Dennis is a bar to recovery from any defendant.

NINTH AFFIRMATIVE DEFENSE

(Legitimate Safety Requirement)

36.

Defendants actions were based upon genuine safety requirements that are necessary for the safe operation of law enforcement and to act otherwise would create an undue burden on law enforcement operations.

TENTH AFFIRMATIVE DEFENSE

(Punitive Damages Unconstitutional - Due Process)

37.

Plaintiffs' demand for punitive damages against the City of Portland is barred by the due process clause of the 14th Amendment to the U.S. Constitution. Punitive damages are not available under §1983 from a municipality. *Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

ELEVENTH AFFIRMATIVE DEFENSE

(Statutory Limitation on Damages)

38.

Plaintiffs' state law claims are subject to the conditions, limitations and immunities contained in the Oregon Tort Claims Act, ORS 30.265 *et seq.*

\ \ \ \ \

\ \ \ \ \

Page 9 –    CITY DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

TWELFTH AFFIRMATIVE DEFENSE

(Punitive Damages State Law Claims)

39.

Plaintiffs are not entitled to greater relief than provided by the terms and provisions of the Oregon Tort Claims Act, especially as to limitation of general damages and in accessibility of punitive damages per ORS 30.270(2).

THIRTEENTH AFFIRMATIVE DEFENSE.

(Lack of Jurisdiction)

40

There is a lack of jurisdiction over this matter.  Plaintiffs have failed to set up a probate estate authorized by law to initiate a wrongful death law suit.

FOURTEENTH AFFIRMATIVE DEFENSE

(Equity)

41.

The "clean hand doctrine" of equity bars the plaintiffs' from recovery.

FIFTEENTH AFFIRMATIVE DEFENSE

(Justification Privilege)

42.

Defendant Morales was justified to use reasonable force to prevent further harm to Lund and thereafter take Dennis into custody.

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

Page  10  –   CITY DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

SIXTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

43.

Plaintiffs failed to mitigate their damages.

SEVENTEENTH AFFIRMATIVE DEFENSE

(Reservation of Right to Assert Additional Defenses)

44.

City Defendants reserve the right to assert any additional affirmative defenses for which

discovery or other investigation may reveal to be appropriate.

45.

(JURY DEMAND)

City Defendants' demand a Jury Trial.

Dated:  3 June, 2014

Respectfully submitted,

JAMES G. RICE
OSB # 824884
Sr. Deputy City Attorney
Telephone: (503) 823-4047
Jim.Rice@portlandoregon.gov
Attorney for Defendants City and Morales

Page  11  –   CITY DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT